UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BERNIS TYRELL BROWN | CIVIL ACTION |
| VERSUS | NO. 15-786 |
| ROBERT S. TOALE ET AL. | SECTION "J"(2) |

## REPORT AND RECOMMENDATION

Plaintiff, Bernis Tyrell Brown, is a prisoner currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Robert S. Toale and John D. Rawls, whom plaintiff identified as his court-appointed counsel, Jefferson Parish Chief Public Defender Richard M. Tompson and the Jefferson Parish District Attorney's Office.

Brown alleges in pertinent part the following: (1) He was denied effective assistance of counsel in that his counsel withdrew pretrial motions, displayed a lack of candor and failed to (a) act with reasonable diligence by engaging in deceit, conspiracy and malfeasance in inducing his guilty plea in 1991; (b) discuss his case with him; and (c) investigate potential witnesses, the crime scene or plaintiff's educational or mental health background. (2) He suffered interference in his attorney-client relationship and was denied due process and equal protection as a result of the district attorney's failure to respond to his 1994 and 1995 requests for evidence under the Public Records Act, claiming that the records were destroyed, as indicated in orders denying his applications filed with the 24th Judicial District Court and the Louisiana Fifth Circuit Court of Appeal. (3) He was denied the right to appellate review of his conviction due to the failure of his appointed counsel

to visit him and secure relevant documents and transcripts. In addition, his appellate counsel left the indigent defender's office without lodging his appeal. He further asserts that his attorneys, including the chief indigent defender, conspired to fail to act with reasonable diligence, communicate and fulfill their obligations during their representation. Record Doc. No. 1, Complaint at p. 5, ¶ IV and attachment at pp. 7-16).

In the relief section of his complaint, Brown states:

> A. Plaintiff seeks to become compensated for [defendants'] negligence, provided injunctive, declaratory, and monetary relief including punitive damages, together with attorney fees in the amount of ten million dollars from each defendant . . . B. Right to trial by jury under the 7th Amendment. C. Right to all interest and cost from the date of judicial demand. D. Right to amend and supplement. E. Right to reasonable attorney fees.

Id. at ¶ V (Relief at p. 5 and attachment at p. 15).

## ANALYSIS

### I.   SCREENING AND STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

Duplicative and repetitive lawsuits are malicious for purposes of 28 U.S.C. § 1915(e)(2)(B)(i) and must be dismissed for that reason. Potts v. Texas, No. 08-41177, 2009 WL 3806073, at *1 (5th Cir. Nov. 13, 2009) (citing Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).

> Courts may appropriately dismiss an in forma pauperis action as frivolous, when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the in forma pauperis plaintiff." . . . In Pittman, the Fifth Circuit Court of Appeals noted that Wilson [v. Lynaugh] "essentially held that pauper status does not entitle a plaintiff to avoid the ordinary rules of res judicata." The Circuit then agreed that a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Reading Pittman and Wilson in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of res judicata, whether or not the prior litigation has ended unsuccessfully for the plaintiff.
>
> It is well-settled that "res judicata bars all claims that were brought or could have been brought based on the operative factual nucleus." A complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation.

McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *1-2 (N.D. Tex. June 6, 2003) (Ramirez, M.J.) (quoting Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989); Pittman, 980 F.2d at 994, 994-95; Ellis v. American Express Life Ins. Co., 211 F.3d 935, 938 n.1 (5th Cir. 2000)), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003) (Kinkeade, J.); accord Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993).

In this case, plaintiff's Section 1983 complaint, construed broadly,[1] must be dismissed, either as malicious and duplicative under 28 U.S.C. § 1915(e)(2)(B)(i), or as legally frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or because they are barred by Supreme Court precedent.

## II.   REPETITIVE/DUPLICATIVE AND/OR MALICIOUS CLAIMS

Brown asserted claims against two of the same defendants named in this case, Robert S. Toale and John D. Rawls, in an earlier filed case in this court.[2] Bernis T. Brown v. Robert S. Toale et al., C.A. No. 95-3947 "C"(4). In the earlier case, an order and judgment were entered on January 10, 1996, dismissing plaintiff's Section 1983 claims against Toale and Rawls pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), but without prejudice,[3] and his habeas claims were dismissed without prejudice for failure to exhaust state court remedies. Id., Record Doc. Nos. 3, 4.

More recently, plaintiff filed a petition for writ of habeas corpus in this court concerning his current conviction. Bernis T. Brown v. State of Louisiana et al., C.A. No.

---

[1]The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

[2]In this earlier-filed complaint, plaintiff identified defendant Robert S. Toale as his public defender and defendant John D. Rawls as his court-appointed appellate counsel. C. A. No. 95-3947 "C"(4), Record Doc. No. 1 at pp. 3, 7.

[3]Since that time, however, the Fifth Circuit has clearly stated that dismissals under Heck must be with prejudice until such time as the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

06-1752 "F"(6).  Authorization to file this successive petition was denied by the United States Fifth Circuit Court of Appeal on August 11, 2006. Id., Record Doc. No. 5.

In this case, Brown is attempting to reassert the same claims against two of the same defendants, Toale and Rawls, that have already been asserted and rejected in his earlier filed case in this court. Thus, his current complaint against them must be dismissed as duplicative and malicious.

### III.     THREE DEFENDANTS ARE NOT STATE ACTORS

Defendants Toale, Rawls and Tompson, sued in this action under Section 1983, are attorneys who were allegedly appointed and acted as indigent defenders representing plaintiff in his state court criminal proceedings.

To be successful under Section 1983, a plaintiff must establish that a defendant has acted under color of state law in violating his rights. Daniels v. Williams, 474 U.S. 327 (1986).  To state a claim under Section 1983, a plaintiff must show (1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law. James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Mississippi Women's Med. Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989).  Thus, plaintiff must show that Carollo's actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988); accord Johnson ex rel. Wilson v. Dowd, 305 Fed. Appx. 221, 2008 WL 5212795, at *2 (5th Cir. 2008); Cornish v. Correctional Servs. Corp., 402 F.3d 545, 549 (5th Cir. 2005).

The law is clear that under no circumstances can these defendants, the indigent defenders who were appointed to represent plaintiff in the state court criminal proceedings, be considered state actors for Section 1983 purposes as a matter of law. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Small v. Dallas County, 170 Fed. Appx. 943, 2006 WL 925500, at *1 (5th Cir. 2006) (citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (private attorney)); Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Because none of these three defendants is a state actor, plaintiff's Section 1983 claims against them have no basis in federal law, and they must be dismissed because Brown has failed to state a cognizable claim against them.

IV.    PROSECUTORIAL IMMUNITY

Plaintiff appears to assert claims against the Jefferson Parish District Attorney or an assistant district attorney, based solely upon their actions as prosecutors in connection with his state court criminal proceedings. To the extent that Brown asserts claims against these defendants in their individual capacity, they are immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); accord Hill v. City of Seven Points, 31 Fed. Appx. 835, 2002 WL 243261, at *10 (5th Cir. 2002); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner,

474 U.S. 193, 200 (1985); Quinn v. Roach, 326 Fed. Appx. 280, 2009 WL 1181072, at *9 (5th Cir. 2009); Hill, 2002 WL 243261, at *10. This immunity applies to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial process." Id. (quotation omitted); accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993); Quinn, 2009 WL 1181072, at *9.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)); accord Quinn, 2009 WL 1181072, at *9; Hill, 2002 WL 243261, at *10. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999), abrogated in part on other grounds by Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (quotation omitted); accord Champluvier v. Couch, 309 Fed. Appx. 902, 2009 WL 320829, at *1 (5th Cir. 2009); Hill, 2002 WL 243261, at *10.

In the instant case, the actions of the district attorney and assistants in his office concerning criminal charges against Brown in Jefferson Parish form the exclusive basis of plaintiff's claims against them. The district attorney's actions in initiating and pursuing Brown's prosecution and conviction fall well within the ambit of the judicial phase of the

8

criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any actions in which the district attorney or his assistants were functioning outside the scope of prosecutorial immunity. Therefore, all damages claims against these defendants in their individual capacity must be dismissed.

However, while prosecutors enjoy absolute immunity from damages liability, they are not immune from Section 1983 suits seeking injunctive relief. Supreme Ct. v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-37 (1980) (citing Gerstein v. Pugh, 420 U.S. 103 (1975)). In this case, Brown seeks primarily seeks monetary relief concerning the charges against him, but he also briefly mentions injunctive relief in his prayer.

While the prosecutors are not immune from the injunctive relief sought in the complaint, all of plaintiff's claims against the district attorney and his assistants are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

> issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Brown's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479 (Convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial."); Ruiz v. Hofbauer, 325 F. App'x 427, 431 (6th Cir. 2009), cert. denied, 130 S. Ct. 413 (2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by tampering with 'Brady exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from

plaintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294 F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges."); Penley v. Collin County, 446 F.3d 572, 573 (5th Cir. 2006) ("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.").

Brown remains in custody at the Louisiana State Penitentiary in Angola, Louisiana, pursuant to his conviction on the charges about which he complains in this case, and his conviction has not been set aside in any of the ways enumerated in Heck. Record Doc. No. 1 (Complaint at p. 3, ¶ III). Therefore, all of his claims based on the underlying prosecution against him,, whether for injunctive relief or for damages, are barred by Heck. As noted above, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

V.      IMPROPER DEFENDANT

Brown has also named the Jefferson Parish District Attorney's Office as defendant. A district attorney's office is not an entity that can be sued under Louisiana law, nor is it a person capable of being sued under Section 1983. Burge v. Parish of St. Tammany, No.

91-2321, 1997 WL 10243, at *8 (E.D. La. Jan. 8, 1997), aff'd in part, 187 F.3d 452 (5th Cir. 1999); cf. Steed v. Delohery, No. 96 Civ. 2449(RPP), 1998 WL 440861, *1 (S.D.N.Y. Aug. 4, 1998) (county district attorney's office is not a legal entity capable of suing or being sued under New York law); Jacobs v. Port Neches Police Dep't, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (same under Texas law). Thus, all claims against the Jefferson Parish District Attorney's Office must be dismissed as legally frivolous.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as duplicative and malicious under 28 U.S.C. § 1915(e)(2)(B)(i), and/or as legally frivolous or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or because they are barred under Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[4]

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

New Orleans, Louisiana, this \_\_\_\_17th\_\_\_\_ day of April, 2015.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

13